Bonnie M. MAY, Plaintiff,

v.

CLUB MED SALES, INC., Defendant.

Civ. A. No. 92–2140.

United States District Court,
E.D. Pennsylvania.

Sept. 16, 1993.

Edward J. White, Allentown, PA, for Bonnie M. May.

John F. Kent, Anne M. Manero, Marks, Kent & O'Neill, P.C., Philadelphia, PA, for Club Med Sales, Inc.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Plaintiff, Bonnie M. May, commenced this action against Defendant, Club Med Sales, Inc. ("Club Med Sales"), on April 10, 1992 in order to recover for injuries she sustained on April 10, 1990 when she fell from a horse at the Club Med Sonora Bay Resort ("Sonora Bay Resort") located in Sonora Bay, Mexico. Before the Court is Defendant's Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure ("Rule 56(c)"), which claims that Plaintiff has sued the wrong party. For the reasons that follow, Defendant's motion is granted.

In the Spring of 1990, Plaintiff made a reservation to vacation at the Sonora Bay Resort. As part of her activities, Plaintiff went horseback riding. Plaintiff claims that while she was horseback riding, the saddle slipped because it was improperly adjusted, causing her to fall and sustain various injuries. Plaintiff sued Defendant, Club Med Sales, who she believed owned, operated, managed, marketed and controlled the Sonora Bay Resort. However, Defendant claims that it does not own, operate or have any control over the Sonora Bay Resort, but rather that it is merely the exclusive wholesaler and non-exclusive retailer of vacation packages to Club Med Resorts.

Pursuant to Rule 56(c), summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The non-moving party must then go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the court, in viewing all reasonable inferences in favor of the non-moving party, determines that there is no genuine issue of material fact, then summary judgment is proper. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552 (1986); *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir.1987).

Defendant contends that it does not own or in any way control the Sonora Bay Resort, and as such it cannot be held liable for injuries that occur as a result of the negligence of the employees of the Sonora Bay Resort. Defendant further argues that for the same reasons, it cannot be held liable under the mere instrumentality or alter ego theory.

In order to recover under the mere instrumentality theory, Plaintiff must prove:

1. That one corporation controlled another corporation to such a degree that the controlled corporation is a mere instrumentality;

2. That the controlling corporation is perpetrating a fraud or wrong through the controlled corporation (e.g., torts, violation of a statute, or stripping a subsidiary of its assets); and

3. An unjust loss or injury to the claimant, such as insolvency of a controlled corporation.

*Stinson v. GAF Corp.*, 757 F.Supp. 644, 645 (W.D.Pa.1990). To hold that one corporation is a mere instrumentality or alter ego of another corporation, Pennsylvania law requires that Plaintiff establish that the controlling corporation wholly ignored the separate status of the controlled corporation and so dominated the affairs of the controlled corporation that its separate existence was a mere sham. *Culbreth v. Amosa, Ltd.*, 898 F.2d 13, 14 (3d Cir.1990). Moreover, Plaintiff must make a "threshold showing that the controlled corporation acted robot—or puppet-like in mechanical response to the con-

troller's tugs on its strings or pressure on its buttons." *Id.* at 15.

In the matter at hand, Plaintiff has presented no evidence that Defendant asserted any control over the Sonora Bay Resort. Marshall Donat, general counsel for Defendant, testified in his deposition that Club Med Sales is the non-exclusive retailer and exclusive wholesaler of vacation packages to Club Med Resorts. Deposition of Marshall Donat at 15. ("Donat Dep."). Club Med Sales is owned by Club Med Finance, N.V., which is incorporated in the Netherlands, which in turn is owned by Club Med Holding, B.V., which is incorporated in the Netherlands Antilles. Donat Dep. at 8.

Mr. Donat further testified that the Sonora Bay Resort is owned by Desarrollo Turistico Medeterranee de San Carlos, S.A., and operated by Operadora de Aldeas Vacacionales, S.A., both of which are Mexican corporations. *Id.* at 21–22. According to Mr. Donat, Defendant Club Med Sales does not have any ownership interest in either the owner or operator of the Sonora Bay Resort. He testified that Club Med, Inc.,[1] does have an ownership interest in both the owner and operator of the Sonora Bay Resort,[2] but that Defendant Club Med Sales does not possess any such interest. *Id.* at 22, 83–84.

Plaintiff argues that the ownership interest by Club Med, Inc. in the owner and operator of the Sonora Bay Resort makes it possible for Defendant Club Med Sales to assert control over them. However, all of the evidence presented is directly to the contrary. Mr. Donat testified that Desarrollo Turistico Medeterranee de San Carlos, S.A. and Operadora de Aldeas Vacacionales, S.A. operate separate and distinct from Defendant Club Med Sales, in that each keeps its own books and financial records; files its own tax returns; pays its own bills; maintains its own bank accounts; and hires and fires its own personnel, accountants, lawyers and consultants. *Id.* at 82–84. In short, Desarrollo Turistico Medeterranee de San Carlos, S.A. and Operadora de Aldeas Vacacionales, S.A. are separate and distinct from Club Med Sales, and Club Med Sales does not in any way control their operations. *Id.* There is simply no evidence that the owner and operator of the Sonora Bay Resort were mere shams or controlled by Club Med Sales, as is required for Plaintiff to recover from it. *Culbreth,* 898 F.2d at 14.

Plaintiff next argues that while Mr. Donat testified that Desarrollo Turistico Medeterranee de San Carlos, S.A., and Operadora de Aldeas Vacacionales, S.A. are separate and distinct entities from Defendant Club Med Sales, she is without sufficient information to determine the truth or falsity of this assertion and demands strict proof at trial. Plaintiff's Brief at 3. However, at this stage of the proceeding it is Plaintiff's burden to present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In a motion for summary judgment, Plaintiff cannot merely deny Defendant's assertions or rely on the allegations contained in her pleadings, as she is attempting to do in this instance. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Plaintiff has failed to present any evidence that the separate status of Desarrollo Turistico Medeterranee de San Carlos, S.A., and Operadora de Aldeas Vacacionales, S.A. were wholly ignored, or that Med Club Sales so controlled these corporations that their existences were mere shams. *Culbreth,* 898 F.2d at 14.

Plaintiff further contends that there remains a genuine issue of material fact as to whether the intent or purpose of incorporating in different states and countries was to avoid liability for specific torts or a class of torts. However, Plaintiff has failed to come forth with any specific facts to support her claim that these entities were incorporated for any improper purpose or that such incorporations were mere shams. *Celotex,* 477

---

**1.** Club Med, Inc. is the owner of the trademark "Club Med". Club Med Sales has a licensing agreement with Club Med, Inc., whereby Club Med Sales may use the trademark "Club Med" in its commercial and other advertisements in the United States. Donat Dep. at 15.

**2.** Club Med, Inc. possesses a 39% ownership interest in Desarrollo Turistico Medeterranee de San Carlos, S.A., and a 99% ownership interest in Operadora de Aldeas Vacacionales, S.A. Donat Dep. at 22.

U.S. at 324, 106 S.Ct. at 2553; *Culbreth,* 898 F.2d at 14; *Stinson,* 757 F.Supp. at 645.

Plaintiff's final contention is that, in addition to suing under a negligence theory, she also states claims for breach of contract and breach of warranties. However, after reviewing the Complaint, it does not appear that Plaintiff has stated claims under these theories. The only facts that could form the basis for such claims is that there was no air conditioning in the rooms, and the resort was overrun with children, when Plaintiff allegedly was informed that the rooms were air conditioned and children would not interfere with her vacation. Complaint at 2. Even if these facts could be construed as stating such claims, these claims would not meet the jurisdictional amount requirement under 28 U.S.C. § 1332.

Based on the foregoing reasons, I shall enter the following Order:

### ORDER

AND NOW, this 16th day of September, 1993, upon consideration of Defendant's Motion for Summary Judgment, and all responses thereto, it is hereby ORDERED that said Motion is GRANTED.